### PRYOR *v.* FOSTER.

*(Superior Court of Buffalo, General Term. July 12, 1889.)*

APPEAL—WEIGHT AND SUFFICIENCY OF EVIDENCE.

It cannot be said as a matter of law that a finding of fact against the defendant in an action for fraudulent representations is erroneous, where the evidence introduced by him fails to establish a preponderance in his favor to overcome the inference of fraud arising from the plaintiff's evidence, to the admission of which he assigned no error.

Appeal from municipal court.

Action by John L. Pryor against Hubbard A. Foster, for damages for false representations made by him in regard to the heating capacity of a furnace in a house leased from him by plaintiff. Judgment for plaintiff, and defendant appeals. For opinion on former appeal, see 1 N. Y. Supp. 774.

Argued before BECKWITH, C. J., and TITUS and HATCH, JJ.

*E. J. Plumley,* for appellant. *Fullerton, Becker & Hazel,* for respondent.

TITUS, J. This case, when last before this court on an appeal from a judgment of nonsuit from the municipal court, was reversed on the ground that there was evidence from which the judge below or a jury could find that the defendant had been guilty of fraudulent representation, in making the lease of the premises to the plaintiff, as to the capacity of the furnace in the house to supply a sufficient quantity of heat to properly warm the dwelling-house on the premises. The evidence, taken on behalf of the plaintiff on the former trial, was read and considered in evidence by stipulation on the trial from which this appeal is taken. Evidence was given by the defendant for the purpose of overcoming the plaintiff's proof of fraud, and the court below found in favor of the plaintiff on this disputed question of fact. No error is claimed to have been committed in the admission of evidence. We are of the opinion that our former decision (1 N. Y. Supp. 774) is decisive of the questions here raised. It cannot be said that there is such a preponderance of evidence on the part of the defendant as to entirely overcome the inference of fraud raised by the plaintiff's testimony and his witnesses. The court below had all of the witnesses before it, and we cannot say, as a question of law, that an error was committed in finding the fact against the defendant. The judgment must be affirmed, with costs. All concur.